# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

EVER RICO-REYES,

    Plaintiff,

    v.                                      No. 2:20-CV-00929-WJ-GBW

STATE OF NEW MEXICO, NEW
MEXICO DEPARTMENT OF PUBLIC
SAFETY, and NEW MEXICO STATE
POLICE OFFICER MARK QUINTANA,

    Defendants.

## MEMORANDUM OPINION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS ON STATUTE OF LIMITATIONS GROUNDS

THIS MATTER comes before the Court on Defendants' motion to dismiss on statute of limitations grounds, filed September 21, 2020 (**Doc. 5**) (the "Motion"). Having reviewed the relevant pleadings and the applicable law, the Court finds that Defendants' Motion is well-taken, and is, therefore, **GRANTED**.

## BACKGROUND

This action was originally commenced on July 31, 2020 in the Ninth Judicial District Court in Roosevelt County, New Mexico as Cause Number D-911-CV-2020-00115. Doc. 1-1. It comes before this Court upon Defendants State of New Mexico and New Mexico Department of Public Safety's Notice of Removal, filed September 14, 2020 (Doc. 1).[1] The attached Complaint (Doc. 1-1) shows that the action stems from a June 4, 2017 traffic stop in which Defendant Mark Quintana, a State Police Officer, arrested Plaintiff for driving while intoxicated and abuse of a

---

[1] Defendant Mark Quintana consented to Removal of the Action on September 21, 2020. Doc. 4.

child. Doc. 1-1 ¶ 13. After the arrest, Plaintiff was subject to two breathalyzer tests, both of which showed results below the legal standard of intoxication. *Id.* ¶ 14. Plaintiff was then subject to a blood test after Officer Quintana obtained a search warrant. *Id.* The charges were later dismissed by the District Attorney after a blood sample from Plaintiff tested negative for alcohol or drugs. *Id.* ¶ 16.

Plaintiff's Complaint alleges that Officer Quintana arrested him without a warrant, and further, that the arrest was not supported by probable cause. The allegations provide the basis for twin causes of action, brought pursuant to 42 U.S.C. § 1983 (the "§ 1983 claim") and the New Mexico Constitution (the "New Mexico Constitution claim"). *Id.* ¶¶ 21–22. Plaintiff seeks compensatory and punitive damages from Defendants under various theories of liability. *Id.* ¶¶ 23–25.

On September 21, 2020, Defendants filed the instant motion, asking the Court to dismiss the action pursuant to Fed. R. Civ. P. 12(b)(6). Doc. 5. On October 9, 2020, Plaintiff filed a Response in opposition. Doc. 10.[2] In the Response, Plaintiff concedes that a three-year statute of limitations applies to his § 1983 claim and that this claim accrued on June 6, 2017, when he was released from custody. Doc. 10 at 1–2. Plaintiff admits that the Court must dismiss the § 1983 claim for failure to state a claim. *Id.* at 2. However, Plaintiff maintains that his New Mexico Constitution claim is still viable. *Id.* Plaintiff asks the Court to deny in part the Motion as to the New Mexico Constitution claim, or, in the alternative, remand the case to state court. *Id.* at 3–4. Defendants filed their Reply in support on October 22, 2020. Doc. 13. The Motion is now fully briefed and ready for the Court's decision. Doc. 14.

---

[2] Plaintiff's counsel organizes the Response with numbered paragraphs. In keeping with its usual practice, the Court will cite to the Response using the document's page numbers.

## DISCUSSION

"Although a statute of limitations bar is an affirmative defense, it may be resolved on a Rule 12(b)(6) motion to dismiss 'when the dates given in the complaint make clear that the right sued upon has been extinguished.'" *Torrez v. Eley*, 378 Fed.Appx. 770, 772 (10th Cir. 2010) (quoting *Aldrich v. McCulloch Props., Inc.*, 627 F.2d 1036, 1041 n.4 (10th Cir. 1980)). When a party has asserted a statute of limitations issue in a Rule 12(b)(6) motion, the Court assesses whether the complaint alone is legally sufficient to state a claim upon which relief can be granted. *Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999) (quotation omitted). The Court accepts all well-pleaded factual allegations in the complaint as true and views them in the light most favorable to the plaintiff to determine whether the statute of limitations has run. *See SunriseValley, LLC v. Kempthorne*, 528 F.3d 1251, 1254 (10th Cir. 2008). Here, the Complaint contains two dispositive dates: (1) June 4, 2017, the date on which the conduct giving rise to the action occurred, and (2) July 31, 2020, the date on which the complaint was filed in state court. Doc. 1-1.

Since Plaintiff admits that his § 1983 claim must be dismissed, the Court will address only the New Mexico Constitution claim. The Motion asserts that this claim is governed by the New Mexico Tort Claims Act, N.M.S.A. § 41-4-1, *et. seq*. and that the applicable statute of limitations is two years under § 41-4-15(A). Doc. 5 at 4. In turn, Plaintiff argues that New Mexico law does not provide a statute of limitations for claims involving an alleged violation of the New Mexico Constitution's prohibition of "unreasonable seizures." Doc. 10 at 3. Therefore, Plaintiff asks the Court to apply N.M.S.A. § 37-1-4 to his New Mexico Constitution claim, which assigns a four-year statute of limitations to causes of action for which there is no specified statute of limitations. *Id*.

A. <u>The NMTCA governs the New Mexico Constitution claim and imposes a two-year statute of limitations</u>

First, the Court will address whether the New Mexico Tort Claims Act ("NMTCA") governs the New Mexico Constitution claim. Plaintiff brings this claim against the State of New Mexico, the New Mexico Department of Public Safety, and former New Mexico State Police Officer Mark Quintana, who was a public employee at the relevant time. *See* Doc 1.1; Doc. 8-1 at 14. By arguing that N.M.S.A. § 37-1-4 assigns a four-year statute of limitations to the New Mexico Constitution claim, Plaintiff disregards the well-settled state of the law. The NMTCA grants all government entities and public employees general immunity from actions in tort, but waives that immunity in certain specified circumstances. *See* § 41-4-4. "[A] plaintiff may not sue a New Mexico governmental entity or its employees or agents, unless the plaintiff's cause of action fits within one of the [statutory] exceptions" *Ganley v. Jojola*, 402 F. Supp. 3d 1021, 1071 (D.N.M. 2019); *see also* § 41-4-2(A) (legislative declaration). More specifically, "absent a waiver of immunity under the Tort Claims Act, a person may not sue the state for damages for violation of a state constitutional right." *Ford v. Dep't of Pub. Safety*, 1994-NMCA-154, ¶ 26, 119 N.M. 405, 412, 891 P.2d 546, 553 (Ct. App. 1994). Therefore, the Court concludes that the NMTCA governs Plaintiff's New Mexico Constitution claim.

Next, the Court must determine under which section of the NMTCA Plaintiff may bring his claim. Like § 1983, the NMTCA provides a mechanism to sue under the New Mexico Constitution for certain "constitutional torts." Of relevance to Plaintiff is § 41-4-12 of the NMTCA, which states:

> [Immunity] does not apply to liability for personal injury, bodily injury, wrongful death or property damage resulting from assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, defamation of character, violation of property rights or deprivation of any rights, privileges or immunities secured by the constitution and laws of the United States or New

   Mexico when caused by law enforcement officers while acting within the scope of
their duties. For purposes of this section, "law enforcement officer" means a public
officer or employee vested by law with the power to maintain order, to make arrests
for crime or to detain persons suspected of or convicted of committing a crime,
whether that duty extends to all crimes or is limited to specific crimes.

  The New Mexico Legislature defined "scope of duty" to "mean[ ] performing any duties that a public employee is requested, required or authorized to perform by the governmental entity, regardless of the time and place of performance." § 41–4–3. The Complaint does not allege that Officer Quintana was acting outside the scope of his duties, nor do any of the alleged facts point towards such a conclusion. Doc. 1-1 ¶¶ 8–19. The crux of the Complaint rests on allegations that Officer Quintana deprived Plaintiff of his constitutional rights, privileges and immunities. *Id.* ¶¶ 21–22. Plaintiff seeks damages allegedly caused by Officer Quintana for the violation of Plaintiff's constitutional rights, his loss of freedom, court costs and legal fees he incurred to pay for his defense against criminal charges. *Id.* ¶ 23. Moreover, Plaintiff seeks punitive damages for Officer Quintana's "intentional and grossly illegal arrest." *Id.* Plaintiff further alleges that the State of New Mexico and the New Mexico Department of Public Safety are liable for the damages caused by Officer Quintana's conduct under the theory of respondeat superior. *Id.* ¶ 24.[3] The Complaint's allegations fit squarely within § 41-4-12, therefore the Court concludes that this section provides the cause of action for Plaintiff's New Mexico Constitution claim.

  In *DeVargas v. State ex rel. N.M. Dep't of Corr.*, the New Mexico Supreme Court concluded that the statute of limitations applicable to a § 41-4-12 cause of action under the NMTCA is the two-year period set forth in § 41-4-15(A) of the NMTCA. 1982-NMSC-025, ¶ 5, 97 N.M. 563, 642 P.2d 166 (1982).

---

[3] The Court notes that Plaintiff's Complaint (Doc. 1-1) has two identically numbered but substantively different paragraphs for paragraph 24. Though it appears clear which paragraph is at issue when this duplicative paragraph is cited, the Court finds it wise to state this fact.

Plaintiff argues against the application of *DeVargas* because he believes the New Mexico Supreme Court's determinations in that case relate solely to claims brought under § 1983. Doc. 10 at 2–3. Plaintiff's argument is a misreading of this New Mexico Supreme Court opinion and its relevance to the instant case. In *DeVargas*, the New Mexico Supreme Court had to decide whether to review a civil rights case arising from the alleged beating of a prisoner by guards in a state correctional facility. Before reaching the New Mexico Supreme Court, the plaintiff, Mr. DeVargas, amended his complaint, adding several § 1983 claims and parties to the action. The amendment led the lower state courts to address whether Mr. DeVargas' § 1983 claims, first asserted more than three years after the alleged beating, related back to the original complaint. *See DeVargas v. State, ex rel. New Mexico Dep't of Corr.*, 1981-NMCA-109, 97 N.M. 447, 640 P.2d 1327 (Ct. App. 1981). The New Mexico Court of Appeals determined that, in assessing the § 1983 claims, it must apply either the NMTCA's two-year statute of limitations (NMSA § 41-4-15(A)) or New Mexico's three-year statute of limitations for personal injuries (NMSA § 37-1-8). *Id.* ¶ 11–15. However, the New Mexico Court of Appeals decided to forgo a definite conclusion as to which statute of limitations applied, as Mr. DeVargas' new claims were barred under either limitations statute. *Id.* ¶¶ 15, 18, 21 & 22.

Mr. DeVargas appealed his loss to the New Mexico Supreme Court, and his writ of certiorari was granted. *DeVargas*, 1982-NMSC-025, ¶ 1. However, after "an exhaustive review of the transcripts, briefs and authorities" the court decided to quash the writ of certiorari as being improvidently issued. *Id.* ¶ 2. In its Decision on Certiorari, the New Mexico Supreme Court utilized the then-applicable method for determining which state statute of limitations to "borrow" and apply to a § 1983 claim. The court looked for "the most closely analogous state statute" and found that § 41-4-12 satisfied this standard based on facts underlying Mr. DeVargas' claim. *Id.* ¶¶ 4–5.

Upon finding the relevant analogous state statute, the New Mexico Supreme Court then concluded that § 41-4-12 claims under the NMTCA are subject to the two-year statute of limitations set forth in § 41-4-15(A) of the NMTCA. *Id.* ¶ 5.

The New Mexico Supreme Court concluded that Mr. DeVargas' amendment to his complaint, which was filed after the two-year statute of limitations had run, did not relate back to the original filing since the original complaint did not state a cause of action. *Id.* ¶ 23 (citing a historical version of the New Mexico Rules of Civil Procedure for the District Courts, N.M.R.Civ.P. 15(c), N.M.S.A. 1978). Mr. DeVargas' claims were clearly time-barred, and thus not subject to review by the New Mexico Supreme Court.

Plaintiff is correct in asserting that the New Mexico Supreme Court's analysis in *DeVargas* centers on § 1983 claims. Furthermore, under contemporary legal standards, this case is largely irrelevant. *See Wilson v. Garcia*, 471 U.S. 261, 270–72 (1985) (concluding that the "most closely analogous state statute" analysis is inappropriate; instead instructing courts to apply the state's personal injury statute of limitations to § 1983 claims) *partially superseded by statute as stated in Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369 (2004)). However, neither the focus nor the contemporary relevancy of *DeVargas* invalidates the New Mexico Supreme Court's ancillary conclusion that the NMTCA imposes a two-year statute of limitations on Plaintiff's New Mexico Constitution claim.

B. <u>The statute of limitations has run on Plaintiff's New Mexico Constitution claim</u>

The NMTCA expresses a clear public policy that tort claims against New Mexico governmental entities should be allowed, but only if the action is brought within two years of the date of the alleged tort. *Sam v. Estate of Benny Sam*, 2006-NMSC-22, ¶ 23, 139 N.M. 474, 134 P.3d 761 (2006). "[A] cause of action brought under Section 41-4-15(A) will accrue regardless of

whether or not the plaintiff is aware of the full extent of his or her injury." *Maestas v. Zager*, 2007-NMSC-003, ¶ 22, 141 N.M. 154, 152 P.3d 141 (2007). "Once a plaintiff has discovered his or her injury and the cause of that injury, the statute of limitations begins to run." *Id.* "A plaintiff's cause of action accrues when he or she understands the nature of his or her injury; that is, when the plaintiff knows or with reasonable diligence should have known of the injury and its cause." *Id.* In *Aragon & McCoy v. Albuquerque National Bank*, the New Mexico Supreme Court stated: "The plain language of the statute [§ 41-4-15(A)] indicates that the period of limitations began to run when an 'occurrence resulting in loss' took place." 1983-NMSC-020, ¶ 17, 99 N.M. 420, 659 P.2d 306 (1983).

The face of the original Complaint, filed in state court on July 31, 2020, shows that the relevant occurrence in this lawsuit happened on June 4, 2017, and the factual allegations demonstrate that Plaintiff was aware of his alleged "loss" or "injury" on that date. Therefore, the two-year statute of limitations contained in § 41-4-15(A) of the NMTCA extinguished Plaintiff's New Mexico Constitution claim on June 4, 2019, approximately thirteen months before Plaintiff commenced this lawsuit.

## CONCLUSION

THEREFORE, for reasons described in this Memorandum Opinion and Order, the Court **GRANTS** Defendants' Motion to Dismiss this action pursuant to Fed. R. Civ. P. 12(b)(6).

**IT IS SO ORDERED.**

                                        WILLIAM P. JOHNSON
                                        CHIEF UNITED STATES DISTRICT JUDGE